**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JUAN JACKSON, #95377012,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:10-CV-1745-G (BK)** |
| | § | **(3:88-CR-223-G)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3, this case was automatically referred for findings, conclusions, and recommendation.

## I. BACKGROUND

This is a *pro se* petition for a writ of *audita querela* filed by a federal prisoner pursuant to 28 U.S.C. § 1651. Petitioner is currently confined within the Federal Bureau of Prisons in Beaumont, Texas. The court did not issue process in this case pending preliminary screening.[1]

In 1991, a jury found Petitioner guilty of aiding and abetting kidnaping in violation of 18 U.S.C. § 1201(a)(1) and 2 (counts two and three), and of unlawfully carrying and using a firearm during the commission of a crime in violation of 18 U.S.C. § 924(c) (count four). *See United States v. Jackson*, 3:88-CR-223-G(05) (N.D. Tex.). On September 24, 1991, the court sentenced Petitioner to life imprisonment on counts two and three, with count three running concurrently to count two, and 60 months' imprisonment on count four, to run consecutive to counts two and

---

[1] The petition for writ of *audita querela* was filed for indexing purposes as a civil action directly assigned to the sentencing judge. Since the petition stems from a criminal proceeding, the court did not require the payment of the $5.00 filing fee or the filing of a motion to proceed *in forma pauperis*.

three.  *Id.*  Petitioner appealed and the United States Court of Appeals for the Fifth Circuit affirmed his conviction.  Thereafter, Petitioner unsuccessfully filed a motion to vacate sentence under 28 U.S.C. § 2255.  *See Jackson v. United States*, 3:93-CV-2424-G (N.D. Tex. Nov. 29, 1994) (denying and dismissing section 2255 motion).

In his petition for writ of *audita querela*, filed on September 3, 1010, Petitioner contends his sentence was imposed in violation of *United States v. Booker*, 543 U.S. 220 (2005).  He requests to be re-sentenced under the "advisory guidelines" with a corrected presentence report, and an adjusted term of imprisonment and supervised release.

## II.  ANALYSIS

"The writ of *audita querela* permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment."  *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993).  *See also United States v. Miller,* 599 F.3d 484, 489 (5th Cir. 2010) ("a writ of *audita querela* is used to challenge a judgment that was correct at the time it was rendered but which is made infirm by matters that arose after its rendition.").  For a defendant seeking post-conviction relief, such as here, the writ "is a slender reed upon which to lean."  *Banda*, 1 F.3d at 356.  As noted in *Banda* and restated in *Miller*, "[i]t is an open question whether the . . . writ survives as a post-conviction remedy."  *Banda*, 1 F.3d at 356; *see also Miller*, 599 F.3d at 489 ("the writ of *audita querela* might also survive in criminal adjudications, if there is a gap for it to fill.").

Nevertheless, even assuming the writ survives, it is available only "where there is a legal objection to a judgment which has arisen subsequent to that judgment."  *Miller*, 599 F.3d at 489.  "Purely equitable grounds for relief do not justify the issuance of a writ of *audita querela*."  *Id.*

In addition, "the writ is only available where the legal objection raised cannot be brought pursuant to any other post-conviction remedy." *Id.* It is now well established that a petitioner may not seek a writ of *audita querela* if he "may seek redress under § 2255." *Banda*, 1 F.3d at 356. Nor can a petitioner use the writ of to circumvent the procedural and legal requirements of section 2255, including the limit on second or successive motions. *See United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs.").

In support of his petition for writ of *audita querela*, Petitioner alleges that *Booker* is applicable to him because it "represents a newly existing legal defense" that was unavailable when he was convicted and sentenced. (Pet. at 5-6.) He explains that his sentence under the mandatory sentencing guidelines amounts to *Booker* error and is "patently unconstitutional." (*Id.* at 5-8.) Petitioner also alleges that the limitation on filing second or successive section 2255 motions, enacted as part of the Antiterrorism and Effective Death Penalty Act, "is unconstitutional, as it would deny Petitioner a judicial forum" for a claim based on a "newly created right." (*Id.* at 12.)

In addition to the above arguments, Petitioner posits "the Court might have given . . . a 'shorter sentence'" than life imprisonment under the advisory guidelines. (*Id.* at 9.) In support of a lower sentence, he asserts that he has served over sixteen years for his role in the crimes in this case, and that none of the other members of the conspiracy remains in custody. (*Id.* at 15.)

Petitioner cannot establish a legal objection or defense to the judgment. His reliance on *Booker* and the advisory sentencing guidelines is unavailing. It is well established in the Fifth

Circuit that *Booker* does not apply retroactively to cases on collateral review. *See United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005). Nor does *Booker* present a sufficient basis on which to file a successive section 2255 motion. *In re Elwood*, 408 F.3d 211, 212-13 (5th Cir. 2005). Additionally, Petitioner's remaining arguments rely on circumstances and equities which are not cognizable in the context of a writ of *audita querela*. *See Miller*, 599 F.3d at 489.

Regardless of how Petitioner labels his petition, it is nothing more than a collateral attack on the validity of his sentence cognizable under section 2255. His inability to meet the requirements for bringing a successive section 2255 motion does not render his remedy under section 2255 unavailable. *See Slaughter v. United States,* 2010 WL 2102329, 1 (5th Cir. 2010) (unpublished per curiam) (affirming dismissal of writ of *audita querela* because remedy for *Booker* claim was under section 2255 and petitioner had not sought leave to file a successive section 2255 motion); *United States v. Mason*, 131 F. App'x 440, 441 (5th Cir. 2005) (unpublished *per curiam*) (same); *Clark v. United States*, 112 F. App'x 368 (5th Cir. 2004) (unpublished *per curiam*) (same). Petitioner has made no showing that he has obtained the authorization required by 28 U.S.C. § 2244(b)(3)(A) to file a successive section 2255 motion. Having failed to show that the section 2255 remedy is unavailable, Petitioner cannot establish that he is entitled to relief pursuant to a writ of *audita querela*. *See United States v. Ford,* 372 F. App'x 545, 545-546 (5th Cir. 2010) (unpublished *per curiam*); *United States v. Johnson*, 350 F. Appx 872, 873 (5th Cir. 2009) (unpublished *per curiam*); *United States v. Cornett*, 350 F. App'x 849, 850, (5th Cir. 2009) (unpublished *per curiam*).

On the first page of the writ of *audita querela*, Petitioner states that "[t]his is a motion pursuant to Title 28 U.S.C. Section 2255." (Pet. at 1.) Apart from the arguments addressed

above, the body of the petition is silent about section 2255 relief. Nevertheless, liberally construed as a section 2255 motion, the petition for writ of *audita querela* should be dismissed for want of jurisdiction because Petitioner has not received prior authorization from the Fifth Circuit to file a successive section 2255 motion. *See* 28 U.S.C. §§ 2244(b)(3)(A) and 2255; *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of *audita querela* be **DISMISSED** with prejudice. Construed as a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, it is recommended that the writ of *audita querela* be **DISMISSED** without prejudice to Petitioner's right to file a motion for leave to file a second or successive section 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255.

SIGNED September 20, 2010.


RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE